*ORDER E-FILED 7/13/2009*

**SHEA & SHEA**
A PROFESSIONAL LAW CORPORATION
MICHAEL M. SHEA (State Bar No. 38396)
MICHAEL M. SHEA, JR. (State Bar No. 126983)
MARK B. O'CONNOR (State Bar No. 126960)
NICOLE N. HANCOCK (State Bar No. 221457)
THE JAMES SQUARE BUILDING
255 NORTH MARKET STREET, SUITE 190
SAN JOSE, CA 95110
Phone: (408) 292-2434
Fax: (408) 292-1264
Attorneys for Plaintiff

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney
    150 Almaden Blvd., Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5082
    FAX: (408) 535-5081
    claire.cormier@usdoj.gov
Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERNON ANDREW BEHRENS, | No. 08-04274 HRL |
| Plaintiff, | STIPULATION OF SETTLEMENT; [XXXXXXXX] ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant | |

IT IS HEREBY STIPULATED by and between plaintiff Vernon Andrew Behrens and defendant United States of America, as follows:

1. The parties do hereby agree to settle and compromise the above-entitled personal injury action under the terms and conditions set forth herein.

1          2. The United States of America, defendant, agrees to pay to the plaintiff the sum of
Twenty-five thousand dollars ($25,000.00), which sum shall be in full settlement and
satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and
nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen
bodily and personal injuries, damage to property and the consequences thereof, resulting, and to
result, from the same subject matter that gave rise to the above-captioned lawsuit, for which
plaintiff or his heirs, executors, administrators, or assigns, and each of them, now have or may
hereafter acquire against the United States of America or its agents, servants, and employees.

          3. Plaintiff and his heirs, executors, administrators or assigns hereby agree to accept the
sum of Twenty-five thousand dollars ($25,000.00) in full settlement and satisfaction of any and
all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from,
and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal
injuries, damage to property and the consequences thereof which they may have or hereafter
acquire against the United States of America or its agents, servants and employees on account
of the same subject matter that gave rise to the above-captioned lawsuit.  Plaintiff and his heirs,
executors, administrators or assigns further agree to reimburse, indemnify and hold harmless
the United States of America and its agents, servants or employees from any and all such causes
of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting
from further litigation or the prosecution of claims by plaintiff or his heirs, executors,
administrators or assigns against any third party or against the United States of America.

          4. This stipulation for compromise settlement is entered into by all parties for the
purpose of compromising disputed claims and avoiding the expenses and risks of litigation.
This settlement does not constitute an admission of liability or fault on the part of the
defendant.

          5. This agreement may be pled as a full and complete defense to any subsequent action
or other proceeding which arises out of the claims released and discharged by the agreement.

          6. It is also agreed, by and among the parties, that the settlement amount of

STIPULATION RE SETTLEMENT; [PROPOSED] ORDER
Case No. C 05-00233 HRL                             1

1  Twenty-five thousand dollars ($25,000.00) paid by the United States of America to plaintiff
2  represents the entire amount of the compromise settlement and that the respective parties will
3  each bear their own costs, fees, and expenses and that any attorneys' fees owed by the plaintiff
4  will be paid out of the settlement amount and not in addition thereto.

5      7.  It is also understood by and among the parties that, pursuant to Title 28, United
6  States Code, Section 2678, attorneys' fees for services rendered to plaintiff in connection with
7  this action shall not exceed 25 per centum of the amount of the compromise settlement.

8      8.  Payment of the settlement amount will be made by a check payable to
9  "Vernon A. Behrens and his attorneys, Shea & Shea."  Plaintiff and his attorneys are
10  responsible for payment of any taxes that may be due on the settlement proceeds.  Defendant
11  makes no representation as to any tax consequences or liabilities Plaintiff or his attorney may
12  incur as a result of this settlement.

13      9.  The parties will execute a dismissal with prejudice of this action, but the dismissal
14  with prejudice shall not be filed with the Court until payment of the settlement consideration.
15  Plaintiff is advised that settlement checks are sometimes not available for eight to ten weeks
16  after approval of the settlement by the court.  Counsel for the United States of America will
17  notify plaintiff's counsel when the settlement check is available.  Provided that plaintiff has
18  provided defendant's counsel with the signed stipulation of dismissal, defendant's counsel will,
19  within ten (10) days of receipt of the settlement check, deliver the settlement check to plaintiff's
20  counsel.

21      10.  Plaintiff hereby releases and forever discharges the United States Postal Service, the
22  United States of America and any and all of their past and present officials, employees, agents,
23  attorneys, their successors and assigns, from any and all obligations, damages, liabilities,
24  actions, causes of actions, claims and demands of any kind and nature whatsoever, whether
25  suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations
26  set forth in plaintiff's pleadings in this action.

27      11.  The provisions of California Civil Code Section 1542 are set forth below:
28

1         "A general release does not extend to claims which the creditor does not know or
2             suspect to exist in his favor at the time of executing the release, which if known
3             by him must have materially affected his settlement with the debtor."
4 Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by his
5 attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and
6 all rights he may have pursuant to the provision of that statute and any similar provision of
7 federal law.  Plaintiff understands that, if the facts concerning injuries or liability for damages
8 pertaining thereto are found hereinafter to be other than or different from the facts now believed
9 by him to be true, the Agreement shall be and remain effective notwithstanding such material
10 difference.

11        12.   The parties agree that this stipulation is intended to be a full and final settlement of
12 all claims arising out of the allegations set forth in plaintiff's pleadings in this action.  Plaintiff
13 agrees to indemnify and hold harmless defendant United States of America from any and all
14 claims, demands, obligations, liens, and lawsuits brought against the United States of America,
15 its agencies or employees, including but not limited to the United States Postal Service, arising
16 out of the allegations set forth in plaintiff's complaint in this action.

17        13.   This instrument shall constitute the entire agreement between the parties, and it is
18 expressly understood and agreed that the agreement has been freely and voluntarily entered into
19 by the parties hereto with the advice of counsel, who have explained the legal effect of this
20 agreement.  The parties further acknowledge that no warranties or representations have been
21 made on any subject other than as set forth in this Agreement.  This Agreement may not be
22 altered, modified or otherwise changed in any respect except by writing, duly executed by all of
23 the parties or their authorized representatives.

24        14.   The parties agree that, should any dispute arise with respect to the implementation
25 of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue his
26 original causes of action.  Plaintiff's sole remedy in such a dispute is an action to enforce the
27 Agreement in district court.  The parties agree that the district court will retain jurisdiction over
28 this matter for the purposes of resolving any dispute alleging a breach of this Agreement.

1 |     15. This settlement agreement may be signed in counterparts.

                               Respectfully submitted,

DATED: July 9, 2009

                               /s/  Vernon A. Behrens
                               _____
                               Vernon Andrew Behrens
                               Plaintiff

DATED: July 9, 2009               JOSEPH P. RUSSONIELLO
                               United States Attorney

                               /s/ Claire T. Cormier
                               _____
                               CLAIRE T. CORMIER[1]
                               Assistant United States Attorney

Approved as to form:

DATED: July 8, 2009               SHEA & SHEA

                               /s/ Nicole N. Hancock
                               _____

                               Attorneys for Plaintiff

---

[1] I, Claire T. Cormier, hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

STIPULATION RE SETTLEMENT; ~~PROPOSED~~ ORDER
Case No. C 05-00233 HRL           -4-

1
2                              **[PROPOSED] ORDER**
3        Upon stipulation of the parties, and good cause appearing, it is so ordered.
4
5
6    DATE: _____July 13, 2009_____        _____
7                                         HOWARD R. LLOYD
                                          UNITED STATES MAGISTRATE JUDGE
8
...
28

STIPULATION RE SETTLEMENT; [PROPOSED] ORDER
Case No. C 05-00233 HRL                    -5-